# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| **DOLORES LOFTUS**, an individual, | CIVIL ACTION |
| Plaintiff, | |
| v. | Case No. 2:21-cv-261 |
| **THE SCHOOL BOARD OF LEE COUNTY, FLORIDA**, a political subdivision of the State of Florida, | Judge: |
| | Mag. Judge: |
| Defendant. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **DOLORES LOFTUS** ("Loftus" or "Plaintiff"), by and through undersigned counsel, and states the following for her Complaint:

### CAUSES OF ACTION

1. This is an action brought under the federal Rehabilitation Act of 1973 ("Rehab Act"), as amended, for disability discrimination.

### PARTIES

2. The Plaintiff, **DOLORES LOFTUS** ("**LOFTUS**") is an individual, a United States citizen and at all relevant times has been, and is, domiciled within Lee County, Florida.

1

3. Defendant, **THE SCHOOL BOARD OF LEE COUNTY, FLORIDA** ("Defendant") is a political subdivision of the state of Florida and oversees the public school system in and for Lee County, Florida. The Defendant was **LOFTUS'** employer. The Defendant receives in excess of $1,000,000.00 annually from the federal government in financial assistance.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since the action accrued in Lee County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

6. **LOFTUS** began her employment with the Defendant in February 2015 as a social worker.

7. **LOFTUS** always performed her assigned duties in a professional manner and was very well qualified for her position.

8. **LOFTUS** always received positive performance reviews until she disclosed her disabilities to the Defendant.

9. Section 504 of the Rehab Act prohibits recipients of federal financial assistance from discriminating against qualified individuals with disabilities in employment.

10. **LOFTUS** is a qualified person with a disability as she has an impairment of the mental/emotional system – panic disorder with agoraphobia, PTSD, and generalized anxiety disorder - which limits her ability to perform certain major life activities, including concentrating and working when not in remission.

11. **LOFTUS** has a history of these impairments that limits major bodily functions and several major life activities. **LOFTUS**'s impairments qualify as a disability as that term is defined under 28 C.F.R. §36.104(iii).

12. During the 2019-20 school year, the COVID-19 pandemic began and became widespread to the United States in March 2020.

13. As a result, **LOFTUS**' PTSD, generalized anxiety disorder, and panic disorder with agoraphobia became exacerbated to the point that she required reasonable accommodations in order to perform the essential functions of her position.

14. Beginning in approximately March 2020, the Defendant allowed all social workers to work from home or remotely as they were able to perform the essential functions of their social worker positions in that manner.

15. However, in or about September 2020, the Defendant requested that **LOFTUS** no longer work from home or remotely.

16. **LOFTUS** then informed the Defendant of her disability and her need to avoid direct face-to-face contact during the ongoing COVID-19 pandemic as direct face-to-face contact caused her great fear so as to exacerbate her panic disorder with agoraphobia. Moreover, **LOFTUS** explained that she could still perform all of the essential functions of her position by avoiding indoor face-to-face contact, as she had been doing so for months.

17. Nevertheless, on October 14, 2020, the Defendant issued **LOFTUS** written correspondence denying her request for reasonable accommodation on the basis that it would be an "undue hardship." Instead, the Defendant demanded that **LOFTUS** be physically present at her office in a school in order to conduct virtual meetings while sitting at her office desk despite the fact this could have easily been accomplished through the reasonable accommodation **LOFTUS** had requested.

18. The Defendant did <u>not</u> engage in any interactive process and instead summarily and arbitrarily denied **LOFTUS'** request for a reasonable accommodation.

19. The Defendant then provided **LOFTUS** with an application for FMLA leave, which **LOFTUS** completed in order to save her job since the Defendant was

improperly denying her request for reasonable accommodation thus barring her from performing the essential functions of her position.

20. While on FMLA leave, **LOFTUS** renewed her request for reasonable accommodations on February 1, 2021.

21. Once again, this request was summarily and arbitrarily denied, though the Defendant agreed to provide an unpaid leave of absence through April 30, 2021.

22. However, **LOFTUS** has been – and remains – ready, willing and able to perform all of the essential functions of her position with the reasonable accommodation identified above.

23. The Defendant has not returned **LOFTUS** to work thereafter.

24. The Defendant has prevented **LOFTUS** from returning to her employment because of her disability.

## COUNT I – VIOLATION OF THE REHAB ACT, AS AMENDED

25. Plaintiff incorporates by reference Paragraphs 1-24 of this Complaint as though fully set forth below.

26. At all relevant times, **LOFTUS** was an individual with a disability within the meaning of the Rehab Act.

27. Specifically, **LOFTUS** has physical impairments that substantially limit one or more of her major life activities and bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

28. **LOFTUS** is a qualified individual with disabilities as that term is defined in the Rehab Act.

29. **LOFTUS** is an individual who, with reasonable accommodation, at all relevant times could perform the essential functions of her job with the Defendant.

30. At all material times, **LOFTUS** was an employee and the Defendant was her employer covered by and within the meaning of the Rehab Act.

31. The Defendant was made aware and was aware of **LOFTUS**'s disabilities, which qualify under the Rehab Act.

32. The Defendant discriminated against **LOFTUS** with respect to her terms, conditions, and privileges of employment because of her disabilities by denying her requests for reasonable accommodations.

33. **LOFTUS'** requested reasonable accommodations would not have cost the Defendant any money or required the expenditure of other resources, and would not have affected other employees.

34. **LOFTUS'** requested reasonable accommodations would have allowed her to perform the essential functions of her position.

35. The Defendant conducted itself with malice or with reckless indifference to **LOFTUS'** federally protected rights.

36. The Defendant has failed to accommodate **LOFTUS** and discriminated against **LOFTUS** in violation of the Rehab Act by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

37. The conduct of the Defendant altered the terms and conditions of **LOFTUS**' employment and **LOFTUS** suffered negative employment action.

38. As a direct and proximate result of the violations of the Rehab Act, as referenced and cited herein, **LOFTUS** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

39. As a direct and proximate result of the violations of the Rehab Act as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **LOFTUS** is entitled to all relief necessary to make her whole.

40. As a direct and proximate result of the Defendant's actions, **LOFTUS** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing the Defendant to cease and desist from all disability discrimination of all employees, and to return the Plaintiff to work with the reasonable accommodations she requested;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages, and;

viii. Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

                                            Respectfully submitted,

Dated: March 26, 2021        **s/ Benjamin H. Yormak**
                                          Benjamin H. Yormak
                                          Florida Bar Number 71272
                                          Trial Counsel for Plaintiff
                                          Yormak Employment & Disability Law
                                          9990 Coconut Road
                                          Bonita Springs, Florida 34135
                                          Telephone: (239) 985-9691
                                          Fax: (239) 288-2534
                                          Email: byormak@yormaklaw.com